IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77269-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RIVAS, BRIAN DAVID | ) | |
| DOB: 08/26/1992, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 4, 2019 |

SCHINDLER, J. — A jury convicted Brian David Rivas of custodial assault. On July 27, 2017, the court sentenced Rivas to 25.5 months of confinement and ordered him to pay the $500 victim assessment fee, $200 criminal filing fee, and $100 DNA[1] collection fee. Rivas challenges the imposition of the criminal filing fee and the DNA collection fee. Because Rivas is indigent and the State previously collected a DNA fee, the State concedes the criminal filing fee and the DNA collection fee should be stricken. We accept the State's concession as well taken and remand to strike the criminal filing fee and the DNA collection fee.

In 2018, the Washington State Legislature amended the legal financial obligation statutes. LAWS OF 2018, ch. 269. The amended criminal filing fee statute states:

> Upon conviction or plea of guilty, upon failure to prosecute an appeal from a court of limited jurisdiction as provided by law, or upon affirmance of a

---

[1] Deoxyribonucleic acid.

conviction by a court of limited jurisdiction, an adult defendant in a criminal case shall be liable for a fee of two hundred dollars, except this fee shall not be imposed on a defendant who is indigent as defined in RCW 10.101.010(3) (a) through (c).

RCW 36.18.020(2)(h).

The amended DNA collection fee statute states, in pertinent part:

Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction.

RCW 43.43.7541.

In State v. Ramirez, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), the Washington Supreme Court held the 2018 amendments to the legal financial obligation statutes apply to cases "pending on direct review and thus not final when the amendments were enacted."

The State concedes that because Rivas was indigent at the time of sentencing and his DNA has previously been collected as a result of a prior felony conviction, the criminal filing fee and the DNA collection fee should be stricken. We accept the concession and remand to strike the criminal filing fee and the DNA collection fee from the judgment and sentence.

WE CONCUR: